**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GRAYLIN SPENCER, #359410,

      Petitioner,

                                 Civil No: 07-CV-11176
                                 Honorable Marianne O. Battani
                                 Magistrate Judge R. Steven Whalen

v.

HUGH WOLFENBARGER,

      Respondent.

_____/

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner, Graylin Spencer, is a state inmate currently incarcerated at Chippewa Correctional Facility in Kincheloe, Michigan. Petitioner was convicted after his nolo contendere plea in Wayne County Circuit Court, of second-degree murder, Mich. Comp. Laws §750.317[1]. Petitioner was sentenced to fourteen to twenty-five years' imprisonment.

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2254. For the reasons that follow, the Court will deny the petition.

### I. BACKGROUND

Petitioner's conviction arises from a serious car accident wherein Petitioner's two-year old child was a passenger and was killed. On December 11, 2004, at approximately

---

[1]Petitioner was originally charged with: (1) second-degree murder; (2) operating a vehicle while under the influence causing death; (3) manslaughter; (4) sentence enhancement as a second habitual offender; and (5) domestic violence. The plea allowed for the dismissal of all counts except the second-degree murder charge.

5:30 p.m., Petitioner was operating a vehicle in the City of Detroit in a 35 mile per hour zone.  In the vehicle with Petitioner was his two-year old son, who was unrestrained in the back seat at the time of the accident, the child's mother and another young child who was three years old.  Petitioner was traveling 65 to 70 miles per hour and was intoxicated with a blood alcohol level of .237 and was assaulting the childrens' mother while driving. Petitioner collided with a tow truck that was parked on northbound Lahser Road.  As a result of the accident the two-year old child suffered from blunt cranial cerebral hemorrhage and died. The other passengers were transported to the hospital and treated.

On the date set for trial, May 5, 2005, Petitioner entered into a no-contest plea agreement.  On August 8, 2005, Petitioner sought to withdraw his plea.  A hearing was held and Petitioner's motion was denied.  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals and raised the following claim: "[t]he trial judge court abused its discretion by not allowing the defendant to withdraw his guilty plea prior to sentencing."  The Michigan Court of Appeals denied relief.  *People v. Spencer,*  No: 267254 (Mich. Ct. App. Jan. 26, 2006).  Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court raising the same claim and relief was likewise denied.  *People v. Spencer,* 475 Mich. 887; 715 NW2d 899 (2006)(table).

Petitioner now files a petition for writ of habeas corpus under 28 U.S.C. §2254 raising the same claim.[2]

---

[2]Although Petitioner does not raise the issues of prosecutorial misconduct and competency as formal claims for habeas review, he briefly discusses these two issues within the context of his withdrawal of  plea claim.

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs

this court's habeas corpus review of state court decisions. Petitioner is entitled to the writ

of habeas corpus if he can show that the state court's adjudication of his claim on the

merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state

court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question

of law or if the state court decides a case differently than [the Supreme] Court has on a set

of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A

state court's decision is an "unreasonable application of" clearly established federal law "if

the state court identifies the correct governing legal principle from [the Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application

of federal law." *Id.* at 410 (emphasis in original). "[A] federal habeas court making the

'unreasonable application' inquiry should ask whether the state court's application of clearly

established federal law is objectively unreasonable." *Id.* at 409. "Furthermore, state

findings of fact are presumed to be correct unless the defendant can

rebut the presumption by clear and convincing evidence." *Baze v. Parker,* 371 F.2d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

## III. DISCUSSION

### A. No-Contest Plea

Petitioner argues that the trial court abused its discretion when it denied his motion to withdraw his nolo contendere plea. As an initial matter, the Court observes that Petitioner has no federal constitutional right or absolute right under state law to withdraw his guilty plea. *See Adams v. Burt,* 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted). Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *See Hoffman v. Jones,* 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001).

A guilty or no-contest plea constitutes a waiver of several constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Therefore, the plea must be a voluntary, knowing, and intelligent act, which is "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). "[F]or a plea to be voluntary and intelligent a defendant must be apprised of the direct consequences of entering the plea," *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991) (citing *Brady*, 397 U.S. at 755), including "the maximum sentence that could be imposed," *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994) (citing *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991)).

The rule that a plea must be intelligently made to be valid does not require

4

that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

*Brady*, 397 U.S. at 757. Furthermore, "the representations of the defendant . . . at [a plea] hearing . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no contest. *See Hoffman v. Jones,* 159 F. Supp. 2d at 655-56. Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid. *See Myers v. Straub,* 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001).

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09. 1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own

counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

In the present case, Petitioner claims that due to his "learning impairment disability" he was not competent to enter into a plea agreement knowingly and voluntarily. Petitioner also generally claims that he was coerced into accepting the plea. A fair reading of the plea transcript belies Petitioner's claims which do not reveal any evidence of incompetency or coercion.

Addressing Petitioner's coercion argument first, the record indicates that no threats or promises had been made to induce Petitioner to plead guilty and that he was pleading freely and voluntarily:

> The Court: You give up the right to claim later that somebody forced you, promised you, made you or otherwise that it was not your choice to plead guilty. That's not the case, is it?
>
> The Defendant: No, ma'am.
>
> The Court: Is this – so you are giving up the right to claim your plea was the result of promises or threats not disclosed to the Court, or that it was not your choice to plead guilty. Do you understand that?
>
> The Defendant: Yes. ma'am.

Plea Tr., 5/10/05, pg. 24.

Therefore, in light of Petitioner's plea colloquy, his bare claim that his counsel coerced him into pleading guilty is insufficient to overcome the presumption of truthfulness which attaches to statements made during the plea colloquy, in which the petitioner denied that any threats had been used to get him to enter his plea. *See, e.g., Restucci v. Spencer,*

6

249 F. Supp. 2d 33, 45-46 (D. Mass. 2003) (refusing to rely on petitioner's self-serving affidavits stating the counsel and family members coerced him into pleading guilty that flew in face of plea colloquy); *see also Heiser v.Ryan,* 813 F. Supp. 388, 401-03 (W.D. Pa. 1993) (rejecting petitioner's claim that counsel coerced his guilty plea by threatening to withdraw from the case, where the petitioner indicated during the plea colloquy that his plea was voluntary).

Petitioner also argues that he was not competent to enter into a plea agreement due to his learning impairment.  However, the record again belies this argument.  Petitioner stated  on the record at his plea hearing that he understood the nature of the charges against him and the consequences of accepting a nolo contendere plea.  Plea Tr., 5/10/05, pg. 22-25. Further, the record reflects that Petitioner was rational and lucid during the plea hearing.  The trial court judge gave Petitioner an opportunity to speak with his attorney and his mother in the jury room and went off the record for an extended period of time.  *Id.* at pp. 14, 16-17.  Following Petitioner's discussion with his attorney and his mother, he agreed to enter into the plea of no-contest.  There is no indication in the record that Petitioner was having problems understanding what was occurring during his conversation with his attorney and his mother, nor about the outcome of the discussion (i.e., entry into a no-contest plea):

> The Court: . . .  And so you have discussed that.  And, Mr. Spencer, you understand what's going on as far as what was discussed; is that correct?
>
> The Defendant: Yes ma'am.
>
> The Court: And you have made a decision to plead no contest at this time?
>
> The Defendant: Yes, ma'am.

The Court:  And the Court is going to allow that . . .

*Id.* at pp. 20-21.

Therefore, the Petitioner's declarations of his learning impairment being a basis to invalidate the no-contest plea are insufficient to carry his burden of overcoming the presumption that his plea was voluntary, intelligent and knowing as evidenced by the plea colloquy. Because Petitioner's plea was not coerced and was voluntary and knowing within the meaning of Supreme Court precedent, the state court decisions on this issue were neither contrary to clearly established federal law nor based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner is therefore not entitled to habeas relief on this claim.

## B.  Exhaustion
### (Prosecutorial Misconduct & Competency)

### 1.  Stay of Proceedings

Petitioner very briefly touches upon two habeas claims in connection with his withdrawal of plea argument, prosecutorial misconduct and competency,[3] for the first time in his petition, without presenting them as formal issues for habeas review and without providing any legal or factual support for either claim.  However, for purposes of completeness, the Court will address each claim.

As an initial matter, the Court concludes that these claims are unexhausted. Within the text of the habeas petition, Petitioner states that he wants to stay these proceedings so that he may exhaust additional claims in state court.  However, Petitioner never filed a

---

[3]These issues are not formally presented as habeas claims for review.  However, within the text of the petition, Petitioner makes a couple of statements addressing these claims.

motion with the court making such a request, nor has he filed any other pleadings with the Court since the filing of his petition on March 14, 2007.

Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Rhines v. Weber,* 544 U.S. 269 (2005). The *Rhines* court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277.

Here, Petitioner has presented no good cause why his purported claims of prosecutorial misconduct and competency as it relates to the validity of his no-contest plea were not raised first in the state court. However, the Court finds that even if a stay in this matter was appropriate, exhaustion would be futile and requiring further proceedings in the state courts would not be judicially efficient.

The federal habeas statute provides, in relevant part, that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). Thus, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel,* 526 U.S. 838, 839 (1999). A petitioner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To satisfy the

9

exhaustion requirement, a petitioner "must have 'fairly presented' the substance of each of his federal constitutional claims to the state courts." *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995)). A petitioner "fairly presents" his claim to the state courts by either (1) relying upon federal cases employing federal constitutional analysis; (2) relying upon state cases employing such an analysis; (3) phrasing the claim in terms of federal constitutional law; or (4) alleging facts within the mainstream of federal constitutional law. *See Clinkscale*, 375 F.3d at 437 (quoting *Newton v. Million*, 349 F.3d 873, 878 (6th Cir. 2003)). Further, the petitioner must fairly present the claim at each level of state-court review. *See O'Sullivan*, 526 U.S. at 845-47.

Exhaustion is not required only if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). A "mixed petition," that is a petition which contains both exhausted and unexhausted claims, must be treated as unexhausted in its entirety. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). A federal habeas court has no authority to grant relief on even an exhausted claim where the petition also contains unexhausted claims. *See Rockwell v. Yukins*, 217 F.3d 421, 424 (6th Cir. 2000).

However, despite the exhaustion requirement, a habeas petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see also Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008) (citing *Lambrix* and *Hudson*); 28 U.S.C. § 2254(b)(2) (providing that a habeas application may be denied on the merits despite the petitioner's failure to exhaust state court remedies). "Judicial economy might counsel giving the [other] question priority,

10

for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Thus, a federal court may decide a habeas petition on the merits when the grounds for relief are without merit or are not cognizable on habeas review. *See Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987).

In this case, the Court will dismiss the unexhausted claims on the merits to save the state courts the useless review of a meritless constitutional claim. *See Cain*, 947 F.2d at 820. Further, requiring exhaustion at this point raises difficult procedural questions concerning the interplay between the exhaustion requirement and the statute of limitations governing habeas petitions. *See generally Rhines v. Weber*, 544 U.S. 269 (2005). Because, as discussed above Petitioner is not entitled to relief on his plea claim, the Court dismisses the prosecutorial misconduct and competency claims on the merits rather than require further review in the state courts.

**2. Prosecutorial Misconduct**

Petitioner makes the statement that the prosecutor induced the plea agreement in this case by contacting Petitioner about the plea without defense counsel being present. This one statement is the full extent of Petitioner's argument. There is no factual or legal

argument presented in Petitioner's brief to support this statement, nor does the record indicate inducement of any kind by the prosecutor.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams,* 376 F.3d 520, 528 (6th Cir. 2004). Prosecutorial misconduct will form the basis for habeas relief only if the conduct was so egregious as to render the entire trial

fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo,* 416 U.S. 637, 643-45 (1974); *Caldwell v. Russell,* 181 F.3d 731, 736 (6th Cir. 1999) (stating that "[p]rosecutorial misconduct may warrant habeas relief only if the relevant misstatements were so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process deprivation."), *abrogated on other grounds by Mackey v. Dutton,* 217 F.3d 399, 406 (6th Cir. 2000). The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances surrounding each individual case." *Anger v. Overberg,* 682 F.2d 605, 608 (6th Cir. 1982). The Court must focus on "the fairness of the trial, not the culpability of the prosecutor." *Pritchett v. Pitcher,* 117 F.3d 959, 964 (6th Cir. 1997), quoting *Serra v. Michigan Department of Corrections* 4 F.3d 1348, 1355 (6th Cir. 1993).

When assessing the prosecutor's conduct, the court must first ask whether the prosecutor's conduct or remarks were improper. *Slagle v. Bagley,* 457 F.3d 501, 515-16 (6th Cir. 2006). If they were, the court must decide whether the improper acts were so flagrant as to warrant relief. *Id.* at 516. The Sixth Circuit identified four factors to consider when analyzing conduct for flagranc*y*: "(1) whether the statements tended to mislead the jury or prejudice the defendant; (2) whether the statements were isolated or among a series of improper statements; (3) whether the statements were deliberately or accidentally before the jury; and (4) the total strength of the evidence against the accused." *Millender v. Adams,* 376 F.3d at 528, quoting *Boyle v. Million,* 201 F.3d 711, 717 (6th Cir. 2000).

Since the plea transcript belies any claim supporting prosecutorial misconduct and Petitioner has not presented any other supporting evidence, the claim is without merit and does not warrant habeas relief.

### 3. Competency

Petitioner claims that due to his learning impairment (i.e., special education during school and he did not finish high school), he may not have been competent to voluntarily and knowingly accept the no-contest plea.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563, 570 (1989); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A plea is voluntary if it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing if nothing indicates that the defendant is incompetent or otherwise not in control of his mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The defendant must make the plea "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

In this case, the state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was an adult of twenty-four years at the time of his plea, and no evidence exists in the record of any mental or psychological problems *which would have impaired his ability to understand the criminal proceedings or the nature of his plea.* Petitioner states that he did not complete high school and was in special education during his formative years. However, he does not state that he did not understand the terms of his plea agreement. What he states is that "it is conceivable that petitioner could

also be excused by his admission of his mental disability, the facts in his record states that he has a very long history of mental illness from birth." Pet. at 15. What is curious, however, is that not only are these records not a part of the court record, but during the trial court hearing regarding Petitioner's request to withdraw his plea, wherein he was represented by counsel, there is no mention of Petitioner's competency or learning impairment being an issue or a basis for the withdrawal of the plea.

Even assuming Petitioner had a learning impairment, legal counsel represented and conferred with Petitioner during the plea process. The trial court judge went off the record for an extended period of time so that Petitioner could confer with his mother about whether or not to accept the plea. The trial court advised Petitioner of his trial rights and that he would relinquish those rights by pleading *nolo contendere.* The court discussed the terms of the plea, its consequences, and the sentencing agreement. Petitioner, having been placed under oath, acknowledged that a *nolo contendere* plea was similar to a guilty plea. Petitioner also indicated he was pleading *nolo contendere* of his own free will and that he had not been coerced or threatened to do so, *supra.* Petitioner denied that any promises, other than those contained in the plea agreement, had been made to induce him to tender his plea, *supra.*

Consequently, Petitioner's assertion that his plea was not knowing and voluntary contradicts the record. As the Sixth Circuit stated when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This

we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Having carefully reviewed the record, the Court is satisfied Petitioner's plea was knowing, intelligent, and voluntary. The Court will, therefore, deny Petitioner relief upon this claim.

## C. Certificate of Appealability & *In Forma Pauperis*

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[4] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The

---

[4]Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

Court concludes that jurists of reason would not find the Court's assessment of the constitutional claims debatable or wrong. The Court thus declines to issue Petitioner a certificate of appealability.

Finally, although the Court has denied a certificate of appealability in this case, the Court will grant leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

## IV. CONCLUSION

Petitioner has not established that he is in the State of Michigan custody in violation of the Constitution or laws of the United States.

Accordingly,

IT IS ORDERED that the "Petition for Writ of Habeas Corpus" [Dkt. #1] is DENIED.

IT IS FURTHER ORDERED that the Court DECLINES to issue a certificate of appealability.

IT IS FURTHER ORDERED that any application for leave to appeal *in forma pauperis* is GRANTED.


s/Marianne O. Battani
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT COURT


Dated:     March 29, 2010

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon petitioner

and counsel of record on this date, March 29, 2010, by electronic and/or ordinary mail.

s/Bernadette M. Thebolt
Bernadette Thebolt
Case Manager